IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DANIEL HAMILTON STERLING,

    Petitioner,                    No. CIV S-06-1559 MCE DAD P

    vs.

UNKNOWN,                        <u>ORDER AND</u>

    Respondent.               <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a one-page letter addressed to the chief judge of this court, together with 24 pages of disorganized documents. Petitioner states that he is writing to this office "to request for appealability of writ for review" and "would like to file a compleat [sic] and full writ of habeas corpus to the Eastern District Court." Petitioner describes himself as an indigent and disabled prisoner requesting judicial review of his "legal issues, under a Superior Court Ruling." Petitioner refers to a San Francisco County Superior Court writ. Petitioner concludes with a request that the court "write back with the authorisation [sic] to file a compleat [sic] writ of habeas corpus to the Eastern District Court of Fresno County for judicial review." (Pet'r's Letter, document #1 at 1.)

        Among the documents attached to petitioner's letter is an incomplete copy of an unpublished order of the United States Court of Appeals for the Ninth Circuit filed on February

1

26, 2003, affirming the denial of petitioner's federal habeas petition by the United States District Court for the Northern District of California. Two issues were addressed on appeal: (1) whether the trial court's use of CALJIC 2.50.02 violated petitioner's due process rights; and (2) whether the combined impact of CALJIC 2.50.02 and California Evidence Code § 1109 violated the Ex Post Facto Clause. A due process issue raised for the first time on appeal was not addressed. (Pet'r's Letter, Attachs. at 15-18.) In another attachment, petitioner reveals that his conviction arose from an assault on his girlfriend in 1994, that he was found mentally incompetent to stand trial and was committed to a state hospital for two years, that in 1997 he was tried and convicted of numerous felonies, including attempted murder, in San Francisco County Superior Court, and that he is serving a prison term of 19 years to life. (Id., Attachs. at 8.)

The electronic records for the United States District Court for the Northern District of California reveal that petitioner has filed three federal habeas petitions in that court. The first was filed by counsel on October 9, 2001. Sterling v. Roe, case No. 3:01-cv-03809 WHA (N.D. Cal.). The petition was denied on the merits on April 22, 2002. Counsel filed a notice of appeal, and a certificate of appealability was granted. The docket for the appellate case, No. 02-16129, shows that the Northern District's decision was affirmed on February 26, 2003, that petitioner's counsel sought a panel rehearing and a rehearing en banc, both of which were denied, and that counsel filed a petition for certiorari, which was denied on October 6, 2003. On February 28, 2006, petitioner filed a second habeas petition, Sterling v. Attorney General, case No. 3:06-cv-01583 WHA (N.D. Cal.), which was dismissed on March 8, 2006. On March 1, 2006, petitioner filed a third habeas petition, Sterling v. Alsup, case No. 3-06-cv-01634 JF (N.D. Cal.), which is pending.

The incomplete habeas petition attached to petitioner's letter suggests that petitioner seeks to challenge the same conviction on the same grounds raised in his first petition filed in the Northern District of California. (Pet'r's Letter, Attachs. at 19-25.) Petitioner's request for leave to pursue such a challenge in the United States District Court for the Eastern

District of California should be denied for two reasons. First, the claims should be litigated in the district in which petitioner was convicted because all witnesses and evidence necessary for the resolution of the claims are more readily available in that district. See 28 U.S.C. § 2241(d); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 499 n.15 (1973). Second, petitioner is seeking to file a second or successive habeas application under § 2254. "A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

> A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2). Before a second or successive application permitted by statute can be filed in the district court, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Petitioner cannot proceed in any federal court on any of the claims presented in his first federal habeas petition challenging his 1997 conviction. He cannot proceed in any district court with a petition raising new claims, i.e., claims that were not presented in his first petition, unless he obtains permission from the United States Court of Appeals for the Ninth Circuit. Petitioner has not obtained such permission. This case should be dismissed without prejudice so that petitioner may file a petition in the United States District Court for the Northern

/////

1   District of California if the United States Court of Appeals for the Ninth Circuit gives him
2   permission to do so.
3           Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to
4   serve a copy of this order upon Jo Graves, Senior Assistant Attorney General; and
5           IT IS RECOMMENDED that:
6           1. Petitioner's request for authorization to file a petition for writ of habeas corpus
7   in this district be denied; and
8           2. This action be dismissed without prejudice to the filing of a habeas petition in
9   the United States District Court for the Northern District of California if petitioner obtains the
10  permission of the United States Court of Appeals for the Ninth Circuit.
11          These findings and recommendations will be submitted to the United States
12  District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
13  twenty days after being served with these findings and recommendations, petitioner may file
14  written objections with the court.  A document containing objections should be titled "Objections
15  to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file
16  objections within the specified time may, under certain circumstances, waive the right to appeal
17  the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
18  DATED: July 20, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
ster1559.suc